**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTAE PARRISH, | ) | |
| | ) | 2:26-CV-529 |
| Plaintiff, | ) | |
| v. | ) | |
| ALLEGHENY COUNTY, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Dontae Parrish applied for a job at the Allegheny County Jail. He didn't get it. Allegheny County explained to Mr. Parrish that he didn't get the job at least in part because of a juvenile delinquency proceeding that showed up in a background check.

Mr. Parrish asked the County to disclose the source of the background check. When the County didn't do so, he obtained a Pennsylvania State Police Criminal Record Check (PATCH). The juvenile proceeding that the County cited didn't show up on the PATCH.

Mr. Parrish is now suing the County under 42 U.S.C. § 1983, alleging that the County violated his Fourteenth Amendment due-process rights when it considered the juvenile proceeding without first giving him a chance to respond to the background check. The County has moved to dismiss Mr. Parrish's claim (ECF 8). After careful consideration, the Court will grant the County's motion.

**DISCUSSION & ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff. *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

Here, Mr. Parrish is suing the County under Section 1983. To state a Section 1983 claim against a municipality, a plaintiff must establish that (1) a constitutionally protected right has been violated, and (2) the alleged violation resulted from a municipal policy, custom, or deliberate indifference. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978).

Mr. Parrish alleges a violation of his Fourteenth Amendment right to procedural due process. But "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). So, even assuming it's true that the County used "undisclosed and unverified information" to decide against hiring Mr. Parrish, his claim depends on whether the County's decision deprived him of a protected interest. ECF 6, ¶ 18. It did not.

## I. Mr. Parrish does not allege a protected property interest.

A plaintiff alleging a property interest protected by due process must allege more than an unsubstantiated expectation of some benefit. *Carter v. City of Phila.*, 989 F.2d 117, 120 (3d Cir. 1993). He must demonstrate entitlement to a property interest created by state law or policy, or by an understanding between the government and plaintiff. *Id.*

Mr. Parrish fails to do so. He does not allege that any law or policy entitled him to a job at the Jail. Nor does he allege that he had an agreement with the County that would otherwise entitle him to the job. When the County denied his application based on the juvenile proceeding, Mr. Parrish only had a "unilateral expectation" that he would be hired. *Gillum v. Nassau Downs Reg'l Off Track Betting Corp. of Nassau*, 357 F. Supp. 2d 564, 570 (E.D.N.Y. 2005) (quoting *Huff v. W. Haven Bd. of Educ.*, 10 F. Supp. 2d 117, 122 (D. Conn. 1998)). The Due Process Clause doesn't protect a plaintiff's unilateral expectation that he will be hired for a government job. *See id.*; *Anderson v. City of Philadelphia*, 845 F.2d 1216, 1220 (3d Cir. 1988); *Griswold v. Port. Auth. of N.Y. & N.J.*, No. 08-1839, 2009 WL 2998149, at *5 (D.N.J. Sep. 14, 2009) (holding that there is no protected property interest in "the mere expectation of public employment.").

## II. Mr. Parrish does not allege a protected liberty interest.

Having concluded that Mr. Parrish does not allege a protected property interest, the Court now considers whether he states a protected liberty interest. Mr.

Parrish alleges that the County deprived him of his liberty interest in his reputation. ECF 6, ¶ 26.

To state a due-process claim for deprivation of a liberty interest in reputation, a plaintiff must allege a stigma to his reputation *plus* deprivation of some additional right or interest. *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). This is called the "stigma-plus" test.

To satisfy the "stigma" prong of the test, a plaintiff must allege that the allegedly stigmatizing statements (1) were made publicly and (2) were substantially and materially false. *Locket v. Pa. Dept' of Corr.*, 529 F. App'x 294, 296 (3d Cir. 2013). Mr. Parrish alleges neither.

First, Mr. Parrish doesn't allege that the juvenile proceeding's existence was made public. He alleges only that the County told *him* that his job application was denied because of the juvenile proceeding. *See* ECF 6, ¶¶ 8–10. Mr. Parrish's claim fails for this reason alone.[1]

Second, Mr. Parrish does not allege that it's false that he was part of a juvenile proceeding. Mr. Parrish alleges only that the proceeding does not appear on his PATCH. ECF 6, ¶¶ 15–17. But under Pennsylvania law, the Jail can review criminal-history records that aren't accessible by the public. The Jail qualifies as a

[1] A common factual scenario in employment cases is where the employee-plaintiff claims stigma when criminal information ends up in his personnel file. While Mr. Parrish does not allege this, even if he did, that isn't enough to plausibly allege publication. *See Zucal v. Cnty. of Lehigh*, 660 F. Supp. 3d 334, 349–50 (E.D. Pa. 2023) ("[H]ere in the Third Circuit, the presence of stigmatizing information in a personnel file, on its own, does not satisfy the publication prong of the stigma test.").

"criminal justice agency" under the Pennsylvania Criminal History Record Information Act. 18 Pa. Stat. and Cons. Stat. Ann. § 9102 (West 2026). This lets the Jail consider certain restricted criminal-history records, even juvenile records, when considering an individual for employment. *See id.* § 9122.5(a.1); 42 Pa. Stat and Cons. Stat. Ann. § 6309(a) (making Section 9122.5 applicable to juvenile records). While Mr. Parrish does not allege that the juvenile proceeding at issue was a state, rather than federal, proceeding, that doesn't matter. Under federal law, the Jail could review his federal juvenile record, even if the record can't be disclosed publicly. 18 U.S.C. § 5038(a)(3) (explaining that federal juvenile records can't be disclosed to unauthorized persons but must be released to "law enforcement agencies where the request for information is related to . . . a position within that agency.").

Finally, even if Mr. Parrish had satisfied the "stigma" prong, he doesn't allege an adequate "plus." Mr. Parrish doesn't allege that the Jail's reliance on the juvenile proceeding has cost him other job opportunities. He just didn't get this job. That doesn't suffice. *See Kahan v. Slippery Rock Univ.*, 50 F. Supp. 3d 667, 811 (W.D. Pa. 2014) (Conti, J.) ("[G]eneralized 'possible loss of future employment opportunities,' and 'financial harm' are insufficient to support a reputation-based due process claim." (quoting *Simpson v. Nicklas*, 500 F. App'x 185, 188 (3d Cir. 2012)), *aff'd*, 664 F. App'x 170 (3d Cir. 2016).

**III. Mr. Parrish does not state a substantive due-process claim.**

Although Mr. Parrish defines his claim as a "procedural" due-process claim, the Court considers whether he states a claim for violation of a substantive due-

process right. He does not. The Third Circuit has made clear that "public employment is not a fundamental right entitled to substantive due process protection" and that reputational injuries decreasing one's ability to earn a living do not state a substantive due process claim. *Hill*, 455 F.3d at 235 n.12.

**IV. The Complaint must be dismissed with prejudice.**

Because Mr. Parrish does not plausibly allege a constitutional violation, his claim against the County fails. The Court must next consider whether Mr. Parrish should be granted an opportunity to amend. He should not.

Courts should generally permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). While the Court is mindful that Mr. Parrish is *pro se*, dismissal with prejudice is nonetheless warranted.

Although Mr. Parrish asks for leave to amend in his briefs, he doesn't explain how would cure his claim's issues even given the chance. ECF 11, at 3–4; ECF 15, at 5. Nor could he; the deficiencies in Mr. Parrish's claims are legal in nature. No matter how much detail Mr. Parrish alleges about the County's decision not to hire him, he cannot clear the basic hurdle that he alleges harms that aren't protected by the Due Process Clause. So, amendment would be futile.

Additionally, Mr. Parrish has already had—and taken advantage of—multiple chances to amend. Mr. Parrish is on his second amended complaint.[2] This complaint

---

[2] Mr. Parrish had filed an amended complaint in state court before Defendant removed the case to federal court. *See* ECF 1-2.

was filed after the County moved to dismiss his first amended complaint, raising many of the same arguments in this motion to dismiss. *See generally* ECF 3; ECF 4. Mr. Parrish has had ample notice of the possible flaws in his claim and multiple chances to cure them, but still has been unable to do so.

For these reasons, and despite Mr. Parrish's *pro se* status, granting leave to amend here would be inequitable and futile, so the Court declines to do so.

***

For these reasons, it is hereby **ORDERED** that Defendant's motion to dismiss (ECF 8) is **GRANTED**, and Mr. Parrish's amended complaint (ECF 6) is **DISMISSED with prejudice**. The Clerk of Court shall mark this case as **CLOSED**.

DATED this 7th Day of October, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Dontae Parrish
741 ½ Proctor Way
Pittsburgh, PA 15210